UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GOLDY WALFISH. individually and on behalf of similarly
situated female employees,                                            Case Number:

                                  Plaintiffs,

                -v-                                                                **COMPLAINT WITH JURY DEMAND**

HEBREW ACADEMY OF FIVE TOWNS AND
ROCKAWAY,

                              Defendant.
-----------------------------------------------------------------------X

Plaintiff GOLDY WALFISH (Plaintiff or Named Plaintiff), on behalf of herself and all others similarly situated (collectively as "EPA Plaintiffs"), by and through her attorneys, the Law Offices of William Cafaro, as and for her Complaint against against HEBREW ACADEMY OF FIVE TOWNS AND ROCKAWAY ("HAFTR" or the "Defendant"), allege upon knowledge to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    Plaintiff brings this action against Defendant individually and on behalf of a collective of EPA Plaintiffs to redress Defendant's discriminatory pay practices, in violation of the Equal Pay Act, 29 U.S.C. § 206 et seq. ("EPA" or "FLSA") and the New York State Pay Equity Law, N.Y. Lab. Law § 193 et seq. ("New York Labor Law"). These claims are brought on behalf of Plaintiff and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA.

2.    Finally, Plaintiff brings her claims under the NYLL and its implementing regulations on behalf of herself, individually, and on behalf of any EPA Plaintiff who opts into this action.

1

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the EPA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

4. Pursuant to 28 U.S.C. § 1391(b)(2), Venue is appropriate in this Court as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

5. Plaintiff is a resident of the State of New York and resides in Nassau County.

6. At all times herein pertinent, Plaintiff was an "employee" of the Defendant, within the meaning of the EPA and NYLL.

7. At all times herein pertinent, Defendant was a "Domestic Religious Corporation" created under the laws of the State of New York and authorized by the Secretary of State to transact business within the state.

8. At all times herein pertinent, Defendant's principal place of business was located at 389 Central Ave, Lawrence, New York 11559.

9. At all times herein pertinent, Defendant was an employer of Plaintiff within the meaning of the EPA and NYLL.

10. At all relevant times herein, Defendant was an "employer" within the meaning of the EPA, NYLL, and the NYCCRR. Additionally, for each of the years of 2019 through 2022, Defendant's qualifying annual business exceeded $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA, the combination of which makes Defendant an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and the EPA

Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendant to the requirements of the EPA with respect to Plaintiff and the EPA Plaintiffs.

## FACTUAL ALLEGATIONS

11. According to its website, "HAFTR is a co-educational Modern Orthodox yeshiva that strives to instill in [its] students a love of *Hashem*, lifelong learning, community, and Israel" with a strict "non-discrimination policy."

12. Despite its mission statement and alleged "non-discrimination policy", there is no question that historically and through to the present men have run HAFTR, creating and implementing a system of inequality and disparity between male and female employees.

13. Plaintiff worked for Defendant from in or about September 2005 through August 2021 as a teacher in the history department. For that entire time, Plaintiff suffered discrimination in pay as a result of gender, in violation of the EPA and NYLL.

14. Upon information and belief, throughout her entire employment, HAFTR paid Plaintiff less than similarly situated male employees despite her exemplary performance; indeed, she was paid at a lower rate than men for equal work on jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions.

15. For example, and upon information and belief, throughout her employment Plaintiff was paid between (at least) 15%-20% less than male teachers. These men perform the same tasks as Plaintiff, and upon information and belief, do so with no greater skill or effort than Plaintiff, achieving a substantially equivalent level of performance.

16. HAFTR has cited no legitime business justification for paying male teachers more than female teachers (including Plaintiff). In fact, despite Plaintiff repeatedly complaining about

disparity in pay, members of management - in charge of making salary determinations - have repeatedly advised Plaintiff (as recently as March 2021) that they prefer employing and paying male teachers, proving the pay disparity is deliberate and in bad faith.

17. Upon information and belief, Plaintiff is not the only woman to suffer the effects of the compensation policies and practices at HAFTR, which lacked sufficient standards and quality controls, transparency, implementation metrics, and opportunities for redress that would otherwise have ensured there was no disparate impact on female teachers.

18. Upon information and belief, HAFTR systematically paid female employees less than similarly situated male employees. HAFTR underpays female teachers at all levels throughout HAFTR relative to similarly situated male employees.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff's Cause of Action under the EPA is being prosecuted as a collective action pursuant to the Equal Pay Act, 29 U.S.C. §206 *et seq*.

20. Plaintiff incorporates by reference the allegations from the preceding paragraphs, including those alleging common patterns, practices, and/or policies by Defendant resulting in unlawful discrimination, as fully set forth herein.

21. Plaintiff alleges claims under the Equal Pay Act on both an individual basis and on behalf of a collective of female teachers, who have been, are now or will be employed by Defendant at any time during the applicable liability or statute of limitations periods, up to and including the date of any judgment in this case (the "EPA Collective").

22. The discriminatory employment practices that disproportionately affect female teachers and cause them to be paid less than similarly situated men at HAFTR exist in connection with subjective decision-making about:

    a) Compensation, including hourly pay, salary base pay, discretionary bonuses;

    b) Hiring;

    c) Development;

    d) Advancement;

    e) Promotions;

    f) Work assignments;

    g) Level of responsibility;

    h) Demotions;

    i) Failing to prevent, address, properly investigate and/or take remedial action regarding claims of discrimination against female employees; and

23. The subjective decision-making about the items listed above regularly involves bias and unconscious bias by the individuals at HAFTR that have the power and authority to render such decisions.

24. As such, the systemic discriminatory practices that disproportionately affect female employees' compensation as compared to similarly situated men at HAFTR include, inter alia:

    a) Discretionary hiring practices that disfavor female employees;

    b) Discretionary compensation policies that disfavor female employees;

    c) Discretionary performance evaluation systems that disfavor female employees;

    d) Discretionary promotion systems that disfavor female employees; and

    e) Discretionary termination practices that disfavor female employees.

25. This discrimination is intensified and perpetuated by HAFTR's repeated failures regarding the ability to prevent, address, properly investigate and/or take remedial action when female employees complain about discrimination.

26. Repeatedly, HAFTR has failed to prevent, address, properly investigate and/or take remedial action when other employees report incidents to HAFTR that suggest gender motivated bias.

27. Such systemic failures allow managers, predominantly or entirely male, to perpetuate gender discrimination against female employees that has and continues to cause them to experience the following, *inter alia*:

   a) Unequal hourly wages for substantially the same work as compared to male employees;

   b) Unequal base salary for substantially the same work as compared to male employees;

   c) Unequal performance evaluations as compared to male employees;

   d) Unequal bonuses for substantially the same work as compared to male employees;

   e) Unequal benefits and other forms of compensation as compared to male employees;

   f) Unequal opportunities for advancement as compared to male employees.

28. The above conduct resulted in subjecting female employees to lesser terms and conditions of employment.

29. Upon information and belief, HAFTR subjected female teachers at all levels (including Plaintiff) to such unequal pay, including, but not limited to, those in the History, Math, English, Science, Language, and Judaic Studies departments.. The pay disparity as compared to men is especially egregious for these women that occupy some of the lower paid positions at HAFTR.

30. HAFTR's systemic discrimination against the EPA Collective is continuing in nature. The EPA Collective members were paid less and denied promotions at a greater rate by HAFTR than were similarly situated male teachers despite performing similar or the same work, and having comparable or better experience and qualifications.

31. HAFTR discrimination against Plaintiff and the EPA Collective was the result of common patterns, practices and/or policies, and acquiescence to and ratification of such patterns, practices and/or policies. The claims of Plaintiff stated herein are essentially the same as those of the other EPA Collective members.

32. The EPA Collective is readily ascertainable, and the names and addresses of the EPA Collective members are readily ascertainable from HAFTR's records and files.

33. Common questions of law and fact predominate with respect to Plaintiff and the EPA Collective, who worked in New York and were subject to substantially similar Company employment patterns, practice and/or policies.

**FIRST CAUSE OF ACTION**
**(Violations of the Equal Pay Act)**
**(Individual and Collective Claims)**

34. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

35. The claims brought herein under the Equal Pay Act, 29 U.S.C. § 206 et seq., are brought on behalf of Plaintiff and all members of the EPA Collective.

36. During the period of the employment of Plaintiff and all members of the EPA Collective, Defendant was subject to the provisions of the Equal Pay Act, 29 U.S.C. § 206 et seq. During that time, Defendant required Plaintiff and the members of the EPA Collective to perform the same or substantially the same job position as males, requiring equal skill, effort, and

responsibility under similar working conditions at the same establishment, and paid Plaintiff and the members of the EPA Collective at a rate of pay, including salary and bonus, less than such male employees. The differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based on the quantity or quality of production, or upon a factor other than gender.

37. Defendant engaged in patterns, practices and/or policies of employment that discriminated against Plaintiff and the members of the EPA Collective on the basis of their gender and by paying Plaintiff and the EPA Collective members a lesser rate of pay, including salary and bonus, than that paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions and at the same establishments.

38. By the actions described above, among others, Defendant has willfully violated the Equal Pay Act, 29 U.S.C. § 206 et seq.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Equal Pay Act, Plaintiff and the EPA Collective members have suffered, and continue to suffer, harm for which they are entitled to an award of monetary damages and other relief.

40. Plaintiff and the members of the EPA Collective are further entitled to liquidated damages, reasonable costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Violations of the New York Equal Pay Law)**
**(Individual and Collective Claims)**

41. Plaintiff and any EPA Plaintiff who opts into this action hereby repeat, reiterate, and re-allege every allegation in each of the preceding paragraphs as if fully set forth herein.

42. During Plaintiff's period of employment and that of any EPA Plaintiff who opts into this action, Defendant was subject to the provisions of the New York Pay Equity Law, New York Labor Law § 194 et seq. ("New York Labor Law"). Defendant required Plaintiff and any EPA Plaintiff who opts into this action to perform the same or substantially the same job position as male, employees, requiring equal skill, effort, and responsibility under similar working conditions at the same establishment, and paid Plaintiff and any EPA Plaintiff who opts into this action at a rate of pay, including salary and bonus, less than such male employees. The differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based on the quantity or quality of production, or upon a bona fide factor other than gender, such as education, training, or experience.

43. Defendant engaged in patterns, practices and/or policies of employment that discriminated against Plaintiff and any EPA Plaintiff who opts into this action on the basis of their gender by paying them a lesser rate of pay, including salary and bonus, than that paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions and at the same establishment.

44. By the actions described above, among others, Defendant has violated the New York Labor Law.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York Labor Law, Plaintiff and any EPA Plaintiff who opts into this action have suffered, and continue to suffer, harm for which they are entitled to an award of monetary damages and other relief.

46. Plaintiff and any EPA Plaintiff who opts into this action are further entitled to liquidated damages, reasonable costs and attorneys' fees.

## JURY DEMAND

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff and the EPA Collective hereby demand a trial by jury with respect to all issues so triable

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the EPA Collective, pray the Court enter judgment in their favor and against Defendant, containing the following relief:

a) A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York and the City of New York;

b) An injunction and order permanently restraining Defendant and its partners, officers, owners, agents, successors, employees and/or representatives and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

c) An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

d) Designate this action as a collective action on behalf of the proposed EPA Collective Plaintiffs (asserting EPA claims) and

   a. promptly issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the EPA Collective, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely EPA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b); and

   b. tolling the statute of limitations on the claims of all members of the EPA Collective from the date the original complaint was filed until the Collective

    members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as Plaintiffs;

e) Designate the Named Plaintiff as representatives of the EPA Collective;

f) An award of damages against Defendant in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff and the EPA Collective for all monetary and/or economic damages;

g) An award of damages against Defendant in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff and the EPA Collective for all non-monetary and/or compensatory damages;

h) An award of liquidated damages;

i) Prejudgment interest on all amounts due;

j) An award of costs that Plaintiff and the EPA Collective incur in this action, as well as an award of reasonable attorneys' fees to the fullest extent permitted by law; and

k) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 17, 2022

            Respectfully submitted,
            **LAW OFFICES OF WILLIAM CAFARO**

            By: Louis M. Leon, Esq. (LL 2057)
            *Attorneys for Plaintiffs*
            108 West 39th Street, Ste. 602
            New York, New York 10018
            (212) 583-7400
            LLeon@cafaroesq.com